DEBORAH M. REYHER
U.S. Department of Justice
Environment and Natural Resources Division
Environmental Enforcement Section
P.O. Box 7611
Washington, DC  20044-7611
(202) 514-4113
Deborah.Reyher@usdoj.gov

*For Plaintiff, United States of America*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>EMR (USA Holdings) Inc.;<br>Camden Iron & Metal, Inc.; SPC Corporation;<br>Atlas Traders, LLC; Rhino Recycling, Inc.;<br>Delco Metals, Inc.; Tioga Real Estate, LLC;<br>United Compressed Steel Company;<br>Sims Group USA Holdings Corporation;<br>Simsmetal East LLC f/k/a Hugo Neu Schnitzer East;<br>Metal Management Northeast, Inc; and<br>Mercer Group International of New Jersey, Inc.,<br><br>　　　　　Defendants. | Civil Action No. |

## <u>COMPLAINT</u>

The United States of America, by authority of the Attorney General of the United States and through the undersigned counsel, acting at the request of the Regional Counsel of the United States Environmental Protection Agency ("EPA") for Region 2, files this complaint and alleges as follows:

**NATURE OF THE ACTION**

1. This is a civil action brought under Section 107(a) of the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, as amended ("CERCLA"), 42 U.S.C § 9607(a), regarding the Shamrock Enterprises Superfund Site ("Site"), located at 281 Clearfield Avenue, Franklinville, Gloucester County, New Jersey, comprised of 4 lots collectively approximately 52 acres in size and identified as Block 1802, Lots 30, 31, 32, 33 on the Tax Map of Franklin Township, New Jersey.

2. Plaintiff, the United States of America, seeks recovery against Defendants EMR (USA Holdings) Inc.; Camden Iron & Metal, Inc.; Atlas Traders, LLC; SPC Corporation; Rhino Recycling, Inc.; Delco Metals, Inc.; United Compressed Steel Company; Tioga Real Estate, LLC; Sims Group USA Holdings Corporation; Simsmetal East LLC f/k/a Hugo Neu Schnitzer East; Metal Management Northeast, Inc; and Mercer Group International of New Jersey, Inc. (collectively "Defendants") for response costs, including enforcement costs, incurred by the United States under Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), in connection with the release or threatened release of hazardous substances at or from the Site.

**JURISDICTION AND VENUE**

3. This Court has jurisdiction over the subject matter of this action and over Defendants under 28 U.S.C. §§ 1331 and 1345 and Sections 107(a) of CERCLA, 42 U.S.C. § 9607(a).

4. Venue is proper in this judicial district for the claim against Defendants under 28 U.S.C. §§ 1391(b), 1391(c), and 1395, and Section 113(b) of CERCLA, 42 U.S.C. § 9613(b), because the release or threatened release of hazardous substances that gave rise to these claims occurred in this district, and because the Site is located in this district.

**DEFENDANTS**

5.      Defendant EMR (USA Holdings) Inc. ("EMR") is a Delaware corporation and the ultimate parent entity for the following subsidiaries, and actively participated in and exercised control over their operations, including waste management decisions:

   a.   Defendant Camden Iron & Metal, Inc., a New Jersey corporation formed in 1971;

   b.   Defendant Atlas Traders, LLC, a Pennsylvnia limited liability company formed in 2005;

   c.   Defendant United Compressed Steel Company, a Pennsylvania corporation formed in 1974;

   d.   Defendant SPC Corporation, a Pennsylvania corporation formed in 1986;

   e.   Defendant Delco Metals, Inc., a Pennsylvania corporation formed in 1996;

   f.   Defendant Rhino Recycling, Inc., a Pennsylvania corporation formed in 2003; and

   g.   Defendant Tioga Real Estate, LLC, a Pennsylvania limited liability company formed in 2005.

6.      Defendant Sims Group USA Holdings Corporation d/b/a Sims Metal Management ("Sims") was incorporated in 2005, and the ultimate parent entity for the following subsidiaries, and actively participated in and exercised control over their operations, including waste management decisions:

   a.   Defendant Simsmetal East LLC, f/k/a Hugo Neu Schnitzer East is a New Jersey limited liability company formed in 2007; and

   b.   Defendant Metal Management Northeast, Inc. East was incorporated in New Jersey in 1948.

3

7.      Defendant Mercer Group International of New Jersey, Inc. is a privately-owned and operated recycling facility located in Trenton, New Jersey, since 1997.

**STATUTORY BACKGROUND**

8.      CERCLA was enacted in 1980 to provide a comprehensive governmental mechanism for abating releases and threatened releases of hazardous substances and other pollutants and contaminants, and for funding the costs of such abatement and related enforcement activities, which are known as "response" actions under Sections 101(25) and 104(a) of CERCLA, 42 U.S.C. §§ 9601(25) and 9604(a).

9.      Section 104(a)(1) of CERCLA, 42 U.S.C. § 9604(a)(1), provides in pertinent part:

> Whenever (A) any hazardous substance is released or there is a substantial threat of such a release into the environment, or (B) there is a release or substantial threat of release into the environment of any pollutant or contaminant which may present an imminent and substantial danger to the public health or welfare, the President is authorized to act, consistent with the national contingency plan, to remove or arrange for the removal of, and provide for remedial action relating to such hazardous substance, pollutant, or contaminant at any time (including its removal from any contaminated natural resource), or take any other response measure consistent with the national contingency plan which the President deems necessary to protect the public health or welfare or the environment. . . .

10.     Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), provides in pertinent part:

> Notwithstanding any other provision or rule of law, and subject only to the defenses set forth in subsection (b) of this Section –
>
> (1)     the owner and operator of a vessel or a facility,
>
> (2)     any person who at the time of disposal of any hazardous substance owned or operated any facility at which such hazardous substances were disposed of, [and]
>
> (3)     any person who by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, of

4

> hazardous substances owned or possessed by such person,
> by any other party or entity, at any facility or incineration
> vessel owned or operated by another party or entity and
> containing such hazardous substances,

*   *   *

shall be liable for –

(A)    all costs of removal or remedial action incurred by the
United States Government . . . not inconsistent with the
national contingency plan,

*   *   *

## SITE DESCRIPTION AND FACTUAL BACKGROUND

11.    The Site is located in a residential neighborhood in the Franklin Township, New Jersey, and consists of about 52 acres of property located at 281 Clearfield Avenue, Franklinville, Gloucester County, New Jersey and is designated Block 1802, Lots 30, 31, 32, 33 on the Tax Map of Franklin Township, New Jersey.

12.    The lots that comprised the Site were owned by the Estate of Margaret Scully, the Estate of John Scully, Sr. and the Estate of Patrick Scully.

13.    The Site was operated by Shamrock Enterprises, sole proprietorship, between 2001 and 2017.

14.    Shamrock Enterprise was a small compressed-gas supply company and scrap yard.

15.    As part of the scrap business Shamrock accepted deliveries of used compressed gas cylinders intended for processing and disposal. After emptying the contents of propane cylinders, Shamrock prepared the propane cylinders and sent them back to the scrap metal recycling companies. Cylinders that were difficult to prepare for recycling, including those containing hazardous substances, were stockpiled on-site.

16.     The stockpiled cylinders at the Site contained asbestos, acetone, ethylene oxide, hydrogen chloride, hydrogen sulfide, and silane.

17.     Asbestos, acetone, ethylene oxide, hydrogen chloride, hydrogen sulfide, and silane are "hazardous substances" within the meaning of Section 101(14) of CERCLA, 42 U.S.C. § 9601(14).

18.     There is a residence within 500 feet from the location of accumulated cylinders and nineteen more residences within 2,500 feet of the Site.  A sudden release of gas from these cylinders could have presented an immediate threat to the nearby residents.

19.     Deteriorating cylinders were found under a high voltage electric transmission line owned by PSE&G which carries electricity out of Hope Creek Nuclear Plant in Salem, New Jersey.  In addition to the unidentified cylinders, thousands of propane cylinders were stored on their sides, disabling a safety valve feature and creating the potential for the escape of a large cloud of flammable gas.

20.     The Site is located within the Pineland region of southern New Jersey which is prone to wildfires.  Numerous abandoned, deteriorating cylinders, including acetylene cylinders, were located adjacent to a woodland area with no fire breaks between the brush and undergrowth and the piles of cylinders.  Over 1000 acetylene cylinders were decommissioned and removed from the Site.

21.     EPA completed the removal action on September 18, 2018.

22.     By letter dated July 1, 2021, EPA sent all Defendants a Notice of Potential Liability and Demand for Payment of Past Response costs.

**GENERAL ALLEGATIONS**

23.     The Site consists of about 52 acres of property in Franklinville, Gloucester County, New Jersey, and is further described in Paragraphs 1 and 11, above.

24.     Shamrock Enterprises, a New Jersey sole proprietorship, and its principal John Scully, Jr. operated a compressed-gas supply company and scrap yard at the Site.  As part of the scrap business Shamrock accepted deliveries of used compressed gas cylinders intended for processing and disposal.

25.     During its years of operation, the various Defendants arranged with Shamrock Enterprises for cylinders in their possession containing residues or other amounts of hazardous substances to be removed to the Site for treatment or disposal.  Each of the Defendants named in Paragraphs 5 - 7 arranged with Shamrock for cylinders in their possession that contained residues or other amounts of hazardous substances to be removed from its facility to the Site for treatment or disposal, or is a successor-in-interest to a person who so arranged.  The cylinders were taken to the Site.  Such hazardous substances have been found at the Site.

26.     New Jersey Department of Environmental Protection ("NJDEP") issued an Administrative Order to Shamrock in November 2017 to implement corrective actions relating to compressed gas cylinders at the Site but ultimately determined that Shamrock was incapable of coming into compliance.  NJDEP referred the Site to EPA, Region 2 on February 1, 2018.

27.     On February 7, 2018, EPA performed an inspection and a CERCLA Removal Site Evaluation.  Based on this inspection, EPA authorized a time-critical removal action at the Site on February 23, 2018.

28.     On February 16, 2018, EPA, NJDEP and local officials visited the Site and found thousands of cylinders with unknown contents in various states of deterioration.  At the time of

this inspection, EPA estimated that there were up to 3,000 full and partially full gas cylinders on-site, many of which had unidentified contents. Among the stockpiled cylinders at the Site, EPA identified cylinders containing CERCLA hazardous substances, including, but not limited to, asbestos, acetone, ethylene oxide, hydrogen chloride, hydrogen sulfide and silane. A large proportion were weathered and in poor condition.

29.     The Site is a "facility" within the meaning of Section 101(9) of CERCLA, 42 U.S.C. § 9601(9), which defines a "facility" in pertinent part as "any site or area where a hazardous substance has been deposited, stored, disposed of, or placed, or otherwise come to be located . . . ."

30.     There has been a "release" into the environment at or from the Site within the meaning of Section 101(22) of CERCLA, 42 U.S.C. § 9601(22), and threatened releases of "hazardous substances" at or from the Site within the meaning of Section 101(14) of CERCLA, 42 U.S.C. § 9601(14).

31.     As a result of the release or substantial threat of release of hazardous substances into the environment at or from the Site, the United States has incurred and will continue to incur "response costs," as defined in Section 101(25) and 107 of CERCLA, 42 U.S.C. §§ 9601(25) and 9607, with respect to "removal" actions, as defined in Section 101(23) of CERCLA, 42 U.S.C. § 9601(23), undertaken at or in connection with contamination at the Site under Section 104 of CERCLA, 42 U.S.C. § 9604.

32.     The United States has incurred at least $1,516,119 through September 30, 2023, in unreimbursed response costs relating to the Site.

8

33.    The response costs incurred by the United States relating to the Site were incurred in a manner not inconsistent with the National Oil and Hazardous Substances Contingency Plan, 40 C.F.R. Part 300.

34.    Defendants are liable for the United States' unrecovered past response costs, including enforcement costs, incurred in connection with the Site, and additional response costs, including enforcement costs, that the United States may incur in connection with the Site.

## CLAIM FOR RELIEF

35.    Paragraphs 1 through 34 are re-alleged and incorporated herein by reference.

36.    Each of the Defendants named in Paragraphs 5 - 7  is liable under Section 107(a)(3) of CERCLA, 42 U.S.C. § 9607(a)(3), with respect to the Site because each Defendant is a person who arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, of drums and/or other containers it owned or possessed or controlled that contained hazardous substances that were brought to the Site, and that contained such hazardous substances at the time of EPA's removal action, or is a successor-in-interest to such a person.

37.    Under Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), Defendants are jointly and severally liable to the United States for unreimbursed response costs incurred by the United States relating to the Site, including enforcement costs and interest.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, the United States of America, respectfully requests that this Court:

a.    Enter judgment in favor of the United States under Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), holding Defendants EMR (USA Holdings) Inc.; Camden

9

Iron & Metal, Inc.; Atlas Traders, LLC; SPC Corporation; Rhino Recycling, Inc.;

Delco Metals, Inc.; United Compressed Steel Company; Tioga Real Estate, LLC;

Sims Group USA Holdings Corporation; Simsmetal East LLC f/k/a Hugo Neu

Schnitzer East; Metal Management Northeast, Inc; and Mercer Group

International of New Jersey, Inc. jointly and severally liable for unreimbursed

response costs incurred by the United States relating to the Site, including

enforcement costs and interest;

b.    Grant such other and further relief as the Court deems just and proper.


Respectfully submitted,

PATRICIA MCKENNA
Deputy Section Chief
U.S. Department of Justice
Environment and Natural Resources Division
Environmental Enforcement Section
Washington, D.C. 20530


DATE: September 30, 2024          s/ *Deborah M. Reyher*
                                  DEBORAH M. REYHER
                                  U.S. Department of Justice
                                  Environment and Natural Resources Division
                                  Environmental Enforcement Section
                                  P.O. Box 7611
                                  Washington, DC  20044-7611
                                  (202) 514-4113
                                  Deborah.Reyher@usdoj.gov


OF COUNSEL

ELIZABETH LA BLANC
Office of Regional Counsel
U.S. Environmental Protection Agency, Region II
290 Broadway, 17th Floor
New York, NY  10007-1855
(212) 637-3106

10

## CERTIFICATION UNDER LOCAL CIVIL RULE 11.2

In accordance with 28 U.S.C. § 1746, I certify, under penalty of perjury, that the matter in controversy in the foregoing Complaint is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

s/ *Deborah M. Reyher*

Deborah M. Reyher
Senior Counsel
U.S. Department of Justice
Environment and Natural Resources Division
Environmental Enforcement Section
P.O. Box 7611
Washington, DC  20044-7611
(202) 514-4113
Deborah.Reyher@usdoj.gov

11